**FILED**
**Dec 02, 2020**
**10:41 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **RICHARD EICKE,** | ) | **Docket No. 2020-05-0329** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **ALFORD SELLARS,** | ) | **State File No. 22919-2020** |
| **Uninsured Employer.** | ) | |
| | ) | |
| | ) | |
| | ) | **Judge Dale Tipps** |
| | ) | |

---

## EXPEDITED HEARING ORDER GRANTING REQUESTED BENEFITS

---

This case came before the Court on November 24, 2020, for an Expedited Hearing on whether Mr. Eicke is entitled to medical and temporary disability benefits. Mr. Eicke claimed he was Mr. Sellars's employee at the time of his injury.[1] For the reasons below, the Court holds that Mr. Eicke is likely to prevail at a hearing on the merits that he was an employee and is entitled to medical treatment and temporary disability benefits.

### History of Claim

Mr. Eicke testified that he was one of about ten construction employees of Mr. Sellars, who controlled the work, furnished all the tools, and scheduled the work hours. He was injured on his first day of work, but he was hired at $15.00 per hour for at least forty hours per week.

At a construction site on March 16, 2020, a joist gave way, causing Mr. Eicke to fall several feet to the first floor. He knew right away that he had broken something in his left foot. Mr. Sellars witnessed the accident, took Mr. Eicke to the emergency room, and drove him home a few hours later. Mr. Sellars also gave him some money to cover the cost of medications prescribed at the hospital. However, he failed to pay for Mr. Eicke's hospital

---

[1] Mr. Sellars failed to appear and participate in the hearing, so Mr. Eicke's proof was unrebutted.

1

visit or provide any further medical treatment or temporary disability payments.

Dr. Brad Askam treated Mr. Eicke for a fracture of his left calcaneus, which he related to the March 16 fall. Dr. Askam performed surgery on March 27, reducing the fracture and fixing it with a plate and screws. On April 13, he noted Mr. Eicke was doing well but was restricted from weight-bearing for four weeks.

Mr. Eicke later developed an infection of the surgical site and has not fully recovered from the injury. He continues to have significant pain and must walk with a cane. Mr. Eeicke is unable to afford additional medical treatment and has been unable to work since the accident.

### Findings of Fact and Conclusions of Law

For the Court to grant Mr. Eicke's request, he must provide sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). To prove a compensable injury, Mr. Eicke must show that his alleged injuries arose primarily out of and in the course and scope of her employment. This includes the requirement that he must show, "to a reasonable degree of medical certainty that [the incident] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." *See* Tenn. Code Ann. § 50-6-102(14).

In proving causation, it is not required that a physician use particular words or phrases included in the statutory definition of "injury." Instead, a physician may give an opinion that meets the legal standard without couching the opinion in a "rigid recitation of the statutory definition." *Panzarella v. Amazon.com, Inc.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 30, at *14 (May 15, 2017). Dr. Askam's note stated that Mr. Eicke "sustained a fall from height on March 16, 2020, resulting in a closed, comminuted displaced intra-articular fracture of the left calcaneus." Although this opinion does not specifically address the statutory threshold of "more than fifty-percent," it is a clear and unequivocal statement that Mr. Eicke's workplace fall caused his foot fracture. Thus, he appears likely to prove a compensable injury.

### *Medical Benefits*

Having found Mr. Eicke is likely to prevail in proving a work-related injury, the Court turns to his request for medical benefits. Under the Workers' Compensation Law, "the employer or the employer's agent shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident[.]" Tenn. Code Ann. § 50-6-204(a)(1)(A). Further, Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) requires that, "when the employee has suffered an injury and expressed a

need for medical care," the employer must provide a medical panel from which the employee may select the treating physician. Here, the Court holds Mr. Eicke provided sufficient evidence to show that he is entitled to a panel of physicians. Mr. Sellars shall provide a panel from which Mr. Eicke may choose an authorized physician for evaluation and, if appropriate, further treatment.

The Court also admitted medical bills from Tennessee Orthopedic Alliance and Murfreesboro Anesthesia Group. They reflect expenses Mr. Eicke incurred because of his work injury, and the Court holds that Mr. Sellars is responsible for payment of those bills.

*Temporary Disability Benefits*

Mr. Eicke also requested temporary disability benefits. To receive temporary total disability benefits, he must prove (1) he became disabled from working due to a compensable injury; (2) a causal connection between his injury and his inability to work; and (3) his period of disability. For temporary partial disability benefits, Mr. Eicke must show that his treating physician returned him to work with restrictions that Mr. Sellars either could not or would not accommodate. *See Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7, 8 (Dec. 11, 2015).

The evidence shows that Dr. Askam placed Mr. Eicke on non-weightbearing restrictions from March 20 through May 13 and that Mr. Sellars failed to provide work within those restrictions. Although Mr. Eicke may eventually establish other periods of disability, at this time the Court can only find he appears likely to prove entitlement to temporary partial disability benefits for this period at the compensation rate of $400.00.

Finally, concerning payment of benefits, Mr. Sellars must provide medical and temporary disability benefits. However, since he did not have workers' compensation insurance at the time of the injury, the Uninsured Employers Fund has *discretion* to pay *limited* medical expenses if certain criteria are met. (See attached Benefits Request Form.) Mr. Eicke must show that he: 1) worked for an uninsured employer; 2) suffered an injury arising primarily in the course and scope of employment on or after July 1, 2015; 3) was a Tennessee resident on the date of injury; 4) provided notice to the Bureau of the injury and of the employer's lack of coverage within sixty days of the injury; and, 5) secured a judgment for workers' compensation benefits against Mr. Sellars for the injury. Tenn. Code Ann. § 50-6-801(d)(1)-(5).

The Court finds that Mr. Eicke worked for an uninsured employer, Alford Sellars, and that he is likely to prevail at a hearing on the merits that he suffered an injury arising primarily from employment on March 16, 2020. He was a Tennessee resident on that date, and he provided notice to the Bureau of his injury and Mr. Sellars's lack of insurance within sixty days. This order serves as a judgment for benefits. Therefore, Mr. Eicke satisfied all of the requirements of section 50-6-801(d).

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Sellars shall provide Mr. Eicke with a panel of physicians and medical treatment made reasonably necessary by his March 16, 2020, injury under Tennessee Code Annotated section 50-6-204.

2. Mr. Sellars shall pay Mr. Eicke temporary partial disability benefits in the amount of $3,142.86 for the period of March 20, 2020, through May 13, 2020.

3. Mr. Eicke satisfied the requirements of Tennessee Code Annotated section 50-6-801(d) and thus is eligible to request limited medical benefits from the Uninsured Employers Fund at the Administrator's discretion. His attorney must complete and file the attached form.

4. This case is set for a Status Hearing on February 16, 2021, at 9:00 a.m. Please call toll-free at 855-874-0473 to participate. Failure to call or appear might result in a determination of the issues without your further participation. All conferences are set using Central Time.

5. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance might result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED December 2, 2020.**

_____

**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

4

# APPENDIX

Exhibits:
1. Indexed medical records
2. Affidavit of Alex Frierson
3. Richard Eicke's Rule 72 Declaration
4. Notarized Investigative Report
5. Medical Bills

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employee's Pre-Hearing Brief

# **CERTIFICATE OF SERVICE**

I certify that a copy of the Expedited Hearing Order was sent as indicated on December 2, 2020.

| Name | Certified Mail | | Fax | Email | Service sent to: |
|------|---------|--|-----|-------|------------------|
| David Goodman, Employee's Attorney | | | | X | dgoodman@forthepeople.com cc: bgalyan@forthepeople.com |
| Alford Sellars, Employer | X | | | | 414 Double Springs Road Murfreesboro, TN 37127 |
| Amanda Terry | | | | X | Amanda.Terry@tn.gov |
| LaShawn Pender | | | | X | lashawn.pender@tn.gov |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*